E-FILED
Tuesday, 31 March, 2020  11:36:35 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| HELEN STINSON,<br>Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>PEORIA DISPOSAL COMPANY and AREA DISPOSAL SERVICE, INC.<br><br>                Defendants. | Case No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

### ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Helen Stinson ("Stinson" or "Plaintiff"), brings this action individually and on behalf of all current and former non-exempt Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Peoria Disposal Company ("PDC"), and/or Area Disposal Service, Inc. ("ADS") (collectively hereinafter "Defendants"), at any time from March 27, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq*., the Illinois Minimum Wage Law (hereinafter "IMWL"), 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* ("IWPCA") (the IMWL and the IWPCA will be referred to collectively as the "Illinois Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the state law claim is asserted as class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and class actions pursuant to the state laws of Illinois and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Defendants who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout the United States at any time from March 26, 2017 through the final disposition of this matter.

3. Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per week.

4. During the relevant time period, Defendants have knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct either a 30-minute or one-hour meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of Defendants' practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Defendants have failed to

properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Illinois state law.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Illinois state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Illinois class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Stinson designated herein be named as the Class Representative for the Illinois Class.

## II.
## THE PARTIES

11. Plaintiff Helen Stinson was employed by Defendants in Illinois during the relevant time period. Plaintiff Stinson did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former non-exempt Waste Disposal Drivers who were employed by Defendants, anywhere in the United States and at any

---

[1] The written consent of Helen Stinson is hereby attached as Exhibit "A."

time from March 27, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Stinson worked and was paid.

13. The Illinois Class Members are those current and former non-exempt Waste Disposal Drivers who were employed by Defendants, in Illinois, at any time from March 27, 2017 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Stinson worked and was paid.

14. Defendant Peoria Disposal Company is a Foreign For-Profit Corporation, licensed to and doing business in Illinois, and can be served through its registered agent: **Brian J. Meginnes, 416 Main St., STE 1400, Peoria, IL 61602.**

15. Defendant Area Disposal Service, Inc. is a Domestic For-Profit Corporation, licensed to and doing business in Illinois, and can be served through its registered agent: **Brian J. Meginnes, 416 Main St., STE 1400, Peoria, IL 61602.**

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

17. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

18. This Court has supplemental jurisdiction over the additional state law claim pursuant to 28 U.S.C. § 1367.

19.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

20.     This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District and Division.

21.     Venue is proper in the Central District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22.     Specifically, Defendants' corporate headquarters is located in Peoria, Illinois, and Plaintiff Stinson worked in Chillicothe, Illinois throughout her employment with Defendants, all of which is located within this District and Division.

23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

24.     Defendants PDC and ADS are a full-service solid waste company providing waste collection, recycling, and disposal services to a commercial, industrial, and residential customers across the states of Illinois and Missouri.[2]

25.     To provide these services, Defendants employed (and continue to employ) numerous Waste Disposal Drivers—including Plaintiff and the Putative Class Members. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

26.     Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

---

[2] *See* https://pdcarea.com/about-us/service-areas/.

27. Defendants PDC and ADS are integrated companies that share customers, properties, employees, and all other assets.

28. Defendant ADS is a wholly owned subsidiary of PDC, acquired in 1989.[3]

29. Defendant PDC manages key internal relationships to Defendant ADS—that is, it directs the financials of Defendant ADS and controls the pay of Plaintiff and the Putative Class Members.

30. Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, jointly maintain their employment records.

31. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Illinois state law with respect to the entire employment for the workweeks at issue in this case.

32. Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by Defendants for the relevant time-periods preceding the filing of this Complaint through the final disposition of this matter.

33. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

34. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violations.

---

[3] https://pdcarea.com/about-us/history/.

35. Defendants have a policy wherein they automatically deduct at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Class Members daily time.

36. Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work under twelve (12) hours in one day. Waste Disposal Drivers, such as Plaintiff and the Putative Class members, automatically have one full hour per day for meal periods deducted from his or her hours worked if they work over twelve (12) hours in one day.

37. Defendants were (and continue to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

38. When calculating Plaintiff and the Putative Class Members' hours each workweek, Defendants deducted (and continue to deduct) up to one hour from Plaintiff and the Putative Class Members' daily on-the-clock hours, in violation of the FLSA.

39. In other words, for each 5-day workweek, Defendants deducted (and continue to deduct) up to five (5) hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Defendants deducted (and continue to deduct) up to six (6) hours from each workweek's total "on-the-clock" hours.

40. Defendants' systematic deduction of the meal periods from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

41. Defendants' systematic deduction of the meal periods from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

42. As a result of Defendants' failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

43. Defendants' failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

44. Defendants knew or should have known that they were miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

45. Defendants knew or should have known that their failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

46. Defendants knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

47. Defendants actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

A.  **FLSA COVERAGE**

48. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

49. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR PEORIA DISPOSAL COMPANY AND/OR AREA DISPOSAL SERVICE, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH 27, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members")**

50. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

51. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

52. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

53. Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

54. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

55. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Waste Disposal Drivers who assisted Defendants' customers throughout the United States. 29 U.S.C. § 203(j).

57. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

58. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 49.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

B.  **FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

60. Defendants have violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they

worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

61. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out thier illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

62. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

64. The decisions and practices by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

68. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 49.

70. Defendants' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 49 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Illinois Acts)**

A.     **ILLINOIS ACTS COVERAGE**

78.     Plaintiff incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

79.     The Illinois Class is defined as:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WORKED FOR PEORIA DISPOSAL COMPANY AND/OR AREA DISPOSAL SERVICE, INC., ANYWHERE IN THE STATE OF ILLINOIS, AT ANY TIME FROM MARCH 27, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Illinois Class" or "Illinois Class Members").**

80.     At all times hereinafter mentioned, each Defendant has been an "employer" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

81.     At all times hereinafter mentioned, Plaintiff Stinson and the Illinois Class Members have been "employees" within the meaning of the Illinois Acts. *See id.*

82.     Plaintiff Stinson and the Illinois Class Members were or have been employed by Defendants since March 27, 2017, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

83.     Defendants are not exempt from paying minimum wage and overtime benefits under the Illinois Acts.

B.    **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

84.     All previous paragraphs are incorporated as though fully set forth herein.

85.     The Illinois Acts require employers like Defendants to pay wages for all hours worked. *See* 820 ILCS § 105/12; *see also* 820 ILCS § 115/3.

86.     The Plaintiff Stinson and Illinois Class Members are ***non-exempt*** employees who are entitled to be paid for all hours worked. *See id.*

87.     Defendants have a company-wide policy and practice of failing to pay Plaintiff Stinson and Illinois Class Members for all hours worked. 820 ILCS § 105/5.

88. Defendants have a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek. *See* 820 ILCS § 105/4a.

89. As a result of Defendants' illegal and company-wide policies applicable to Plaintiff Stinson and Illinois Class Members' wages, and its failure to pay the applicable minimum wage and overtime wages to the Illinois Class Members, Defendants violated the Illinois Acts.

90. Defendants' failure to pay for all hours worked, and failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Class Members who performed work on behalf of Defendants in Illinois is part of a continuing course of conduct.

91. Plaintiff Stinson and Illinois Class Members who performed work on behalf of Defendants in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

92. As a result, this action, "may encompass all violations that occurred as part of Defendants' continuing course of conduct regardless of the date on which they occurred."

93. Plaintiff Stinson and Illinois Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions described herein; though Defendants are in possession and control of necessary documents and information from which the Illinois Class Members would be able to precisely calculated damages.

94. Plaintiff Stinson and Illinois Class Members seek the amount of their underpayments based on Defendants' failure to pay wages for all hours worked, failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, an equal amount as liquidated damages, and such other legal and equitable relief from Defendants' willful conduct as the Court deems just and proper.

95. Accordingly, the Illinois Acts Class should be certified as defined in Paragraph 79.

**C.    ILLINOIS CLASS ALLEGATIONS**

96. Plaintiff Stinson brings her Illinois claims pursuant to Illinois Statutes as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendants to work in Illinois since March 27, 2017.

97. Class action treatment of Plaintiff Stinson and the Illinois Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

98. The number of Illinois Class Members is so numerous that joinder of all class members is impracticable.

99. Plaintiff Stinson is a member of the Illinois Class, her claims are typical of the claims of other Illinois Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

100. Plaintiff Stinson and her counsel will fairly and adequately represent the Illinois Class Members and their interests.

101. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

102. Accordingly, the Illinois Class should be certified as defined in Paragraph 79.

# VI.
# RELIEF SOUGHT

103. Plaintiff respectfully prays for judgment against Defendants as follows:

    a.    For an Order certifying the FLSA Collective as defined in Paragraph 49 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and

social security numbers of all putative collective action members;

      b.      For an Order certifying the Illinois Class as defined in Paragraph 79 and designating Plaintiff Stinson as the Class Representative of the Illinois Class;

      c.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

      e.      For an Order pursuant to Illinois law awarding Plaintiff Stinson and the Illinois Class Members unpaid wages and other damages allowed by law;

      f.      For an Order awarding the costs and expenses of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Stinson a service award as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   March 30, 2020                    Respectfully submitted,

*/s/ Ryan F. Stephan*____
Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
**Stephan Zouras, LLP.**
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.cm
Firm ID: 43734

**ANDERSON ALEXANDER, PLLC**
**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiffs and Putative Class Members***

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Central District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Ryan F. Stephan*
Ryan F. Stephan