DocuSign Envelope ID: 7052B569-C827-4A86-ACA9-A80D07462CE2

1:20-cv-01130-MMM    # 65    Filed: 10/05/21    Page 1 of 11    E-FILED
Tuesday, 05 October, 2021  05:18:49 PM
Clerk, U.S. District Court, ILCD

## SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release (the "Settlement Agreement") is entered into between Plaintiffs Helen Stinson and Kevin Ripper, individually and as the authorized representatives of and on behalf of the additional Sixty-Two (62) Opt-In Plaintiffs who joined this case, who are listed on the attached Exhibit A (collectively "Plaintiffs") on the one hand, and Area Disposal Service, Inc., Wigand Disposal Company, Area Recycling, Inc., Coulter Companies, Inc., and ADS Missouri, Inc. (collectively, "Defendants") (hereinafter, all together as the "Parties") on the other, subject to the approval of the Court (as defined herein).

## RECITALS

2.    Plaintiffs assert in the Action (as defined herein) that Defendants failed to pay proper overtime wages under the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA").

3.    As a result of the Parties' arms'-length negotiations, including a mediation with the Honorable Judge Morton Denlow, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

4.    Collective Action Counsel (as defined herein) has made an independent investigation of the facts and law relating to the allegations in the Action. In entering into this Settlement Agreement, Collective Action Counsel has considered: (a) the facts developed in litigation and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement. The Plaintiffs, in consultation with Collective Action Counsel, have concluded that the terms of this Settlement Agreement are fair, reasonable and adequate, and that it is in the best interests of the Plaintiffs to settle their claims against Defendants pursuant to the terms set forth in this Settlement Agreement.

5.    Defendants deny the allegations in the Action and deny that they engaged in any wrongdoing or violation of the FLSA, IMWL, IWPCA, or any law.  Defendants are entering into this Settlement Agreement given the potential burden, risk, and expense of further litigation.  Except for purposes of effectuating the Parties' settlement, neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, may be used in any way as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class or collective action other than for purposes of this Settlement Agreement would be appropriate in the Action or any other case.

6.    The Parties agree that this case is a certified collective action under the FLSA pursuant to 29 U.S.C. § 216(b).  Should this Settlement Agreement not become final, Defendants reserve their right to move to decertify this certified collective action and such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

7.      In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that this Action (as defined herein) shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined herein) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined herein), in the manner and only upon the terms and conditions set forth herein.

## DEFINITIONS

8.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means *Helen Stinson and Kevin Ripper, individually and on behalf of all others similarly situated, v. Area Disposal Service, Inc., Wigand Disposal Company, Area Recycling, Inc., Coulter Companies, Inc., and ADS Missouri, Inc..,* Case No. 20-CV-01103-MMM (U.S. District Court for the Central District of Illinois).

b.      "Approval Order" means the Court's approval order approving the terms and conditions of this Settlement Agreement.

c.      "Collective Action Counsel" means Clif Alexander, Austin Anderson and Carter Hastings of Anderson Alexander PLLC and Ryan Stephan and Catherine Mitchell of Stephan Zouras LLP.

d.       "Court" means the United States District Court for the Central District of Illinois, Peoria Division.

e.      "Defendants' Counsel" means Jamie Filipovic and Matthew Szwajkowski of O'Hagan Meyer, LLC.

f.      "Fee Award" means the award of attorneys' fees and costs that the Court authorizes to be paid to Collective Action Counsel for the services they provided to the Plaintiffs in the Action.

g.       "Gross Settlement Amount" means the maximum amount that Defendants shall pay in exchange for the release of all Released Claims by Plaintiffs and the Opt-in Plaintiffs which is the sum of $200,000.00, excluding the Defendants' share of federal and state payroll taxes as discussed below. In no event shall the Gross Settlement Amount exceed this sum.

h.      "Named Plaintiffs" refers to Helen Stinson and Kevin Ripper.

i.       "Net Settlement Amount" means the Gross Settlement Amount less: (i) the Fee Award to Collective Action Counsel, not to exceed $66,000.00, which is approximately 33 percent of the Gross Settlement Amount, plus out-of-pocket costs incurred by Collective Action Counsel in the amount of $4,668.31; and (ii) a service award to Named Plaintiffs in an amount not to exceed $5,000.00 ($2,500 to each Named Plaintiff) (the "Service Award").

j.      "Opt-in Plaintiffs" means those Sixty-Two (62) Opt-In Plaintiffs listed on the attached Exhibit A, who timely opted into the Action.

k.      "Released Claims" means that the Plaintiffs shall provide Releasees, a full and final release of any wage related claims that were or could have been asserted based on the facts alleged in the Action, including any claims for alleged failure to pay wages under any local, state, or federal law, including but not limited to the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and all Illinois and Missouri state or local wage laws, or any claim for liquidated or multiple damages, penalties, restitution, interest, attorneys' fees or costs, declaratory relief, equitable relief, or injunctive relief for any such claims.

l.      "Releasees" means Area Disposal Service, Inc., Wigand Disposal Company, Area Recycling, Inc., Coulter Companies, Inc., and ADS Missouri, Inc., as well as their current and former owners, affiliates, parents, subsidiaries, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, and successors.

m.      "Settlement Award" means the payment that each Plaintiff shall be entitled to receive, less applicable taxes pursuant to the terms of this Settlement Agreement.

n.      "Settlement Award Check" means the check for each Plaintiff, representing the Settlement Award.

## RELEASES

9.      **Release**.  In consideration of the benefits to be received by the Plaintiffs under this Settlement Agreement:

a.      Upon receipt of payment of their Settlement Award and Service Award, Named Plaintiffs Helen Stinson and Kevin Ripper shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990 and amendments thereto; The Family and Medical Leave Act; The Equal Pay Act; The Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and all Illinois and Missouri state or local wage laws or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract or tort laws, or any claim arising under statute or under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees based upon any conduct occurring

DocuSign Envelope ID: 7052B569-C827-4A86-ACA9-A89D07462CE2

up to and including the date of the Court's Approval Order.  Named Plaintiffs irrevocably waive any right to monetary recovery from the Releasees, whether sought directly by them or in the event any administrative agency or other public authority, individual, or group of individuals should pursue any claim on their behalf.

        b.     Opt-in Plaintiffs who receive their Settlement Award shall be deemed to have released and discharged the Releasees from all claims for federal and state and local wage & hour laws or violations, known or unknown.

        c.     Notwithstanding any other provision of this Settlement Agreement, this release does not (i) waive or release any claim for breach or enforcement of this Settlement Agreement; (ii) waive or release any right or claim that may not be waived or released by applicable law; or (iii) prevent a Plaintiff from pursuing any administrative claim for unemployment compensation or workers' compensation benefits.  Nothing in this Settlement Agreement precludes a Plaintiff from (i) reporting to, responding to an inquiry from, filing a charge or complaint with, communicating with or providing information to, contacting, or cooperating with an investigation conducted by, the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state, or local governmental agency, commission, or regulatory body, but the Named Plaintiffs hereby waive any right to monetary compensation from the Defendants for such actions of filings; (ii) providing information about this Settlement Agreement to his/her spouse, attorney, accountant, tax advisor (if any) and applicable state and federal taxing authorities; (iii) making disclosures or giving truthful testimony as required by law or valid legal process (such as by a subpoena or administrative order); or (iv) engaging in any concerted or other legally-protected activities.

## NOTICE, AND SETTLEMENT IMPLEMENTATION

10.     The Parties agree to the following procedures for obtaining approval of the Settlement Agreement and notifying the Plaintiffs of this Settlement:

        a.     **Request for Approval Order**.  Within seven (7) calendar days of execution of this Settlement Agreement, Plaintiffs shall file a Motion for Approval of Settlement Agreement, agreed upon by the parties, requesting that the Court approve the Settlement Agreement.

11.     **Dismissal of the Action.**  The Court's Approval Order shall dismiss the Plaintiffs' claims with prejudice.

## SETTLEMENT FUNDING, SERVICE AWARDS AND ATTORNEYS' FEES

12.     **Gross Settlement Amount**.

        a.     **Funding Gross Settlement Fund.**  Defendants will prepare the Settlement Award Checks to the Named Plaintiffs and Opt-In Plaintiffs, and the check to Collective Action Counsel for the Fee Award. Defendant will transmit the Settlement Award Checks to Collective Action Counsel for distribution to the Named Plaintiffs and Opt-In Plaintiffs. Defendants will transmit the check for the Fee Award to Collective Action Counsel, made payable to Anderson Alexander, PLLC. The Settlement Awards and Fee Award will be distributed according to the

Settlement Agreement and in no event will the Settlement Award Checks be distributed to the Named Plaintiffs and the Opt-in Plaintiffs until the entry of the Court's Approval Order.

13.    **Payments**.  Subject to the Court's Approval Order and the terms of the Settlement Agreement, the following amounts shall be paid by the Defendants from the Gross Settlement Amount:

a.    **Service Award to Named Plaintiffs Helen Stinson and Kevin Ripper.** Named Plaintiffs Helen Stinson and Kevin Ripper shall receive $2,500.00 each for their efforts in bringing and prosecuting the Action, and in consideration of the general release set forth above in Paragraph 9 (a).  The Named Plaintiffs shall be solely and legally responsible for all taxes on this service award.  This payment shall be made no later than sixty (60) days after the entry of the Court's Approval Order.

b.    **Attorneys' Fees and Costs**.    Collective Action Counsel shall receive attorneys' fees in an amount of up to $66,000.00, which is approximately 33 percent (33%) of, and is included in the Gross Settlement Amount plus out-of-pocket costs incurred by Collective Action Counsel in the amount of $4,668.31. These attorneys' fees and costs will compensate Collective Action Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining final dismissal of the Action.

i.    The attorneys' fees and costs paid by Defendants pursuant to this Settlement Agreement shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in the Action on behalf of Plaintiffs and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiffs.

ii.    An IRS Form 1099 shall be provided to Collective Action Counsel for the payments made to them.  Each firm constituting Collective Action Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

iii.    Defendants shall pay the Court-awarded costs and attorneys' fees by no later than sixty (60) days after the entry of the Court's Approval Order.

c.    **Settlement Awards to Plaintiffs.** Settlement Awards shall be made to Plaintiffs in accordance with the formula and timeline set forth below.

**CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS**

14.    **Settlement Award Eligibility**.  All Plaintiffs shall be paid a Settlement Award from the Net Settlement Amount, in the amounts specified in Exhibit A to this Settlement Agreement.

a.    **Tax Treatment**.  Fifty percent (50%) of each Settlement Award to the Opt-in Plaintiffs shall be allocated to the settlement of claims for alleged unpaid wages and overtime, and

(a) shall be subject to required withholdings and deductions, which will result in the net amount paid being less than the gross amount; and (b) shall be reported in the year of payment as wage income to each Plaintiff on a Form W-2 and on such other state or local tax reporting forms as may be required by law.

The remaining 50% of each Settlement Award shall be allocated to all other claims, including, without limitation, claims for alleged statutory and civil penalties, liquidated damages, interest, and all other non-wage income: (a) shall not be subject to required withholdings and deductions, which will result in the net amount paid being equal to the gross amount; and (b) shall be reported in the year of payment as non-wage income to each Plaintiff on a Form 1099 and on such other state or local tax reporting forms as may be required by law.

15.    **Endorsement Language.** On the back of each Settlement Award Check distributed to the Plaintiffs, the following language will appear in the endorsement section:

By endorsing and negotiating this check and accepting payment, (a) I fully accept and agree to opt-in to the Settlement Collective Action of *Helen Stinson and Kevin Ripper, individually and on behalf of all others similarly situated, v. Area Disposal Service, Inc., Wigand Disposal Company, Area Recycling, Inc., Coulter Companies, Inc., and ADS Missouri, Inc..,* and (b) I agree to be bound by the terms and conditions of the Settlement Agreement including my release of claims as set forth in that Settlement Agreement.

16.    **Distribution**.  Defendants shall mail all Settlement Award Checks, via overnight mail, to Collective Action Counsel within sixty (60) days after the entry of the Court's Approval Order. Collective Action Counsel shall then distribute the Settlement Award Checks to the Plaintiffs. Collective Action Counsel is responsible for the cost of distributing the Settlement Award Checks to the Plaintiffs.

17.    **Cashing of Settlement Award Checks.** All Settlement Award Checks shall remain valid and negotiable for ninety (90) days from the date they are mailed from Defendants to Collective Action Counsel and will thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.

18.    **Remaining Monies**.  Any funds from Settlement Award Checks that remain uncashed after ninety (90) days from the date they are mailed from Defendants to Collective Action Counsel shall remain with the Defendants.

19.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**.  No person shall have any claim against the Releasees, Named Plaintiffs, the Opt-in Plaintiffs, Collective Action Counsel, or Defendants' Counsel based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

20.    **Defendants' Legal Fees.** Defendants' legal fees and expenses in the Action shall be borne by Defendants.

21.   **Nullification of the Settlement Agreement.**   In the event: (a) the Court does not approve the Settlement Agreement as provided herein; or (b) the Settlement Agreement does not become final for any other reason; this Settlement Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement.   If this occurs, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed, and the Parties will equally pay the Settlement Administrator's costs incurred as of the date the Settlement Agreement becomes null and void.

22.   **Inadmissibility of Settlement Agreement.**   Except for purposes of settling the Action or in any proceeding seeking enforcement of its terms, neither this Settlement Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

23.   **Computation of Time.**   For purposes of this Settlement Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

24.   **Amendment or Modification.**   This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

25.   **Entire Settlement Agreement.**   This Settlement Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

26.   **Authorization to Enter In To Settlement Agreement.**   Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.   The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement.

27.   **Binding on Successors and Assigns.**   This Settlement Agreement shall be binding upon, and inure to the benefit of the Named Plaintiffs, Defendants, and the Opt-in Plaintiffs and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

28.   **Counterparts.**   This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email.   All executed counterparts and each of them shall be deemed to be one and the same instrument.

29.   **Collective Action Counsel's Acknowledgment.** Collective Action Counsel attests and acknowledges that as of the date of execution of this Settlement Agreement, they are not aware

that they currently represent any other persons who are asserting or plan to assert claims against the Defendants.

30.    **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of this Settlement Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Settlement Agreement were negotiated at arms' length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

31.    **Governing Law.** This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of Illinois. The Parties further acknowledge the inapplicability of the law of any other jurisdiction.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**NAMED PLAINTIFFS:**

/s/ Helen Stinson                         Date: Oct 5, 2021          , 2021
_____
Helen Stinson

/s/ Kevin Ripper                          Date: Oct 5, 2021          , 2021
_____
Kevin Ripper


**COLLECTIVE ACTION COUNSEL:**

/s/ Clif Alexander                        Date: Oct 5, 2021          , 2021
_____
Clif Alexander

Ryan F. Stephan
Catherine T. Mitchell
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 (Fax)
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

Clif Alexander
Austin Anderson
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway

Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
clif@a2xlaw.com
austin@a2xlaw.com

**DEFENDANTS'**
**COUNSEL:**

/s/ Jamie Filipovic

O'HAGAN MEYER LLC

Date: October 4 , 2021

**DEFENDANTS:**

/s/ Bob Ferlmann

Area Disposal Service, Inc.

Date: 10/4/2021 , 2021

/s/ Bob Ferlmann

Wigand Disposal Company

Date: 10/4/2021 , 2021

/s/ Bob Ferlmann

Area Recycling, Inc.

Date: 10/4/2021 , 2021

/s/ Bob Ferlmann

Coulter Companies, Inc.

Date: 10/4/2021 , 2021

/s/ Bob Ferlmann

ADS Missouri, Inc.

Date: 10/4/2021 , 2021

## EXHIBIT A

| First Name | Last Name | Award |
|---|---|---|
| Kevin | Ripper | $ 2,008.39 |
| Jeffrey | Turner | $ 4,342.52 |
| Helen | Stinson | $ 3,044.51 |
| Jason | Waugh | $ 1,230.35 |
| Justin | Morrissey | $ 2,778.84 |
| Nicholas | Southey | $    459.90 |
| Matthew | Snyder | $    888.77 |
| Dennis | Petr | $ 5,264.78 |
| Scott | Mohn | $ 2,167.79 |
| Shawn | Whitehead | $ 4,008.53 |
| Tony | Sellberg | $ 4,118.59 |
| Walter | Moyer, Jr | $ 2,945.84 |
| Wesley | Lindley | $ 4,038.89 |
| Chad | Arnold | $ 3,454.41 |
| Kenneth | Brady | $ 1,408.73 |
| Michael (Mike) | Houghton | $ 1,272.10 |
| Andrew | Leasman | $ 2,209.54 |
| Kevin | Newell | $ 1,207.58 |
| Kenneth James | Preston | $ 1,412.52 |
| Edward | Snyder | $    444.71 |
| Michael | Armstrong | $ 2,148.82 |
| Brian | Bailey | $    315.63 |
| Michael | Belanger | $ 2,695.34 |
| Kenneth Demond | Britton | $    497.85 |
| Lucas | Brogdon | $    471.28 |
| Steven Jake | Brownfield | $    475.08 |
| Kelly P | Casali | $    945.70 |
| David A | Ekstrom | $     50.00 |
| Phillip | Elam | $ 2,095.68 |
| Terry | Embry | $ 1,742.72 |
| Thatcher Merrille | Floyd | $ 3,773.22 |
| Robert | Garrett | $ 4,236.25 |
| Ryan D | Gibbs | $ 4,342.52 |
| Zackery Alan | Griffith | $ 2,099.48 |
| Tyler Andrew | Gross | $    691.41 |
| John | Hale | $ 2,277.86 |
| Jody C | Harp | $ 4,293.18 |
| DeBryan | Harvey | $    106.93 |
| David | Herald | $    391.58 |
| Rodney | Horsch | $ 3,291.21 |
| Zacchary Scott | Jason | $ 4,718.25 |
| Patrick | King | $ 4,331.13 |

DocuSign Envelope ID: 7052B569-C827-4A86-AGA9-A90D03462CE2

| | | |
|---|---|---|
| David Wayne | Lefler | $ 1,287.28 |
| Adam C | McCoy | $   520.62 |
| Robert | Meador | $ 1,951.46 |
| Sean | Myers | $ 3,431.64 |
| Shaun | Noe | $     50.00 |
| Kenneth Duane | Overshiner | $   209.40 |
| Joseph Wayne | Rogers | $   437.12 |
| Brandon Alan | Rosensteel | $   156.27 |
| John T | Smock | $   744.55 |
| Steven | Torrez | $     50.00 |
| Marlo | Wax | $ 2,406.90 |
| Ronald | Wells | $ 2,091.89 |
| William Joseph | Wilder | $   680.02 |
| Shawn E | Winkeljohn | $   634.48 |
| Michael | Hyatt-Woodbeck | $ 2,357.56 |
| Brandon M | Woodcock | $ 2,236.11 |
| Jeffrey | Garcia | $ 3,663.15 |
| Jeffery | Blake | $   714.18 |
| Richard M | Dixon | $   896.36 |
| David Victor | Hidden | $ 2,019.78 |
| Charles (Charlie) | Manning | $   877.38 |
| Anthony | Whirrell | $ 2,217.13 |